**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CORDARO GUYTON, # R63381,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-00201-JPG** |
| | ) | |
| **THOMAS B. STUCK,** | ) | |
| **RUSSELL J. GOINS,** | ) | |
| **C/O GRIER,** | ) | |
| **C/O SHELBY,** | ) | |
| **C/O WELDER,** | ) | |
| **C/O HANSON, and** | ) | |
| **LT. BAYLOR,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center, has brought this *pro se*
civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff takes issue with being placed in a
"suicide watch cell," the conditions of his confinement, being denied food, and being held in
segregation for 14 days beyond the prescribed period of punishment.  Under 28 U.S.C. § 1915A,
the Court is required to conduct a prompt threshold review of the complaint.

Section 1915A(b) provides:

On review, the court shall identify cognizable claims or dismiss the complaint, or
any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief
may be granted; or

(2) seeks monetary relief from a defendant who is immune from
such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal.

**<u>The Complaint</u>**

Plaintiff did not use *any* punctuation, instead presenting his allegations as one very long sentence.  Based on the allegations of the complaint and information gleaned from the attached exhibits, the Court finds it convenient to divide the *pro se* action into six counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**Count 1:**      **Against Lt. Stuck for placing Plaintiff in a suicide watch cell on October 17, 2012, without cause, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments;**

**Count 2:**      **Against Lt. Stuck for placing Plaintiff in an unsanitary, unlit suicide watch cell on October 17, 2012, for a two-day period, in violation of the Eighth Amendment;**

**Count 3:**      **Against Lt. Stuck for placing Plaintiff a cell with no water or working plumbing on October 30, 2012, "for more than two days," in violation of the Eighth Amendment;**

**Count 4:**      **Against Lt. Stuck for threatening not to feed Plaintiff, and against C/O Hanson for not feeding Plaintiff on October 23, 2012—all in violation of the Eighth Amendment;**

**Count 5:**      **Against C/O Grier for turning off Plaintiff's water, in violation of the Eighth Amendment; and**

**Count 6:**      **Plaintiff was held in segregation for fourteen days beyond the prescribed period of punishment, in violation of his rights under the Eighth and Fourteenth Amendments; and**

## Discussion

Accepting Plaintiff's allegations as true, the Court finds that Counts 1, 2 and 3 against Lt. Stuck, and Count 5 against C/O Grier articulate colorable federal causes of action.  These claims shall **PROCEED**.

Count 4 against Lt. Stuck for threatening not to feed Plaintiff, and against C/O Hanson for not feeding Plaintiff on October 23, 2012, fails to state a claim against either named defendant and shall be **DISMISSED** with prejudice.  The denial of food can violate the Eighth Amendment, depending on the duration, amount and other special circumstances.  *See Reed v. McBride*, 178 F.3d 849, 853-54 (7th Cir. 1999).  However, absent special circumstances (which are not suggested by the complaint), the denial of food for a single day does not rise to the level of a constitutional violation.  Moreover, an attachment to the complaint indicates Plaintiff was only denied a single meal.  *See* Doc. 1, p. 10.  Similarly, Lt. Stuck's threat not to feed Plaintiff,

does not rise to the level of a constitutional violation.  Because there are no other claims asserted against C/O Hanson, he is **DISMISSED** from this action without prejudice.

Count 6 alleges that Plaintiff was held in segregation too long, but no defendant is linked to this claim.  Therefore, Count 6 shall be **DISMISSED** without prejudice.[1]

Lt. Russell J. Goins and Lt. Baylor are named in the caption of the complaint, but the compliant otherwise does not contain any allegations regarding either officer.  Therefore, Goins and Baylor shall be **DISMISSED** from this action without prejudice.

The complaint vaguely describes C/O Welder and C/O Shelby being involved in placing Plaintiff in various cells, but Plaintiff has failed to satisfy the *Twombly* pleading standards.  Therefore, C/O Welder and C/O Shelby shall be **DISMISSED** without prejudice.

Finally, the Court must note that in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Court of Appeals for the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).  Based on the complaint, there may be a common thread running between the claims; therefore, at this juncture, none of the claims will be severed.  However, the Court will not hesitate to order severance if it becomes appropriate.

## Pending Motions

Plaintiff has been granted leave to proceed as a pauper (Doc. 7).  Consequently, his motion for service of process at government expense (Doc. 4) is **GRANTED**.

Plaintiff's motion for appointment of counsel (Doc. 3) shall be **REFERRED** to United

---

[1] The Court suggests that, before attempting to amend the complaint, Plaintiff consider *Sandin v. Conner*, 515 U.S. 472, 484 (1995), and *Lekas v. Briley*, 405 F.3d 602 (7th Cir. 2005).

States Magistrate Judge Philip M. Frazier for further consideration.

**Disposition**

COUNTS **1**, **2** and **3** against **LT. STUCK**, and **COUNT 5** against **C/O GRIER** shall all **PROCEED**.

COUNT **4** is **DISMISSED** with prejudice.  Defendant **C/O HANSON** is **DISMISSED** from this action without prejudice.

**Count 6** is **DISMISSED** without prejudice.  Defendant **C/O HANSON** is **DISMISSED** from this action without prejudice.

Defendants **LT. RUSSELL J. GOINS**, **C/O SHELBY, C/O WELDER** and **LT. BAYLOR** are each **DISMISSED** without prejudice.

**Service and Other Matters**

Plaintiff's motion for service of process at government expense (Doc. 4) is **GRANTED**

The Clerk of Court shall prepare for Defendants **LT. STUCK** and **C/O GRIER**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** March 22, 2013

s/ J. Phil Gilbert
**United States District Judge**